IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH MATTHEW WAITE,

        Plaintiff,

        v.

UNIVERSITY OF OREGON,

        Defendant.

**Civ. No. 6:14-cv-01400-MC**

**OPINION AND ORDER**

_____

**MCSHANE, Judge**:

Plaintiff, *pro se*, brings this motion to proceed *in forma pauperis*, ECF No. 2, and an action against the University of Oregon under Title IX of the Education Amendments of 1972, Pub. L. 92–318, as amended, 20 U.S.C. § 1681 *et seq.* (Title IX),[1] ECF No. 1.

This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

### STANDARD OF REVIEW

_____

[1] 20 U.S.C. § 1681(a) provides that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . .

1 – OPINION AND ORDER

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Plaintiff, in his complaint, seeks relief from alleged gender, racial, and sexual orientation discrimination resulting in a hold on his student registration. Plaintiff seeks to remove the registration hold and recover one-million dollars in restitution. Pl.'s Compl. 5, ECF No. 1.

To survive this assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id.*

Plaintiff's allegations, at least as currently articulated, are insufficient to state a claim. To properly state a claim, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Title IX, which prohibits gender discrimination, implies a private right of action to prohibit intentional gender

2 – OPINION AND ORDER

discrimination. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005).[2] Intentional

gender discrimination can arise in the form of a recipient's deliberate indifference to

discrimination, including deliberate indifference to the sexual harassment of a student by another

student (or teacher). *Id.*; *see also Davis Next Friend LaShonda D. v. Monroe Cnty Bd. of Educ.*,

526 U.S. 629, 648–49 (1999) (recognizing liability for student-on-student harassment). In order

to state a deliberate indifference claim, plaintiff must plead facts showing that the deliberate

indifference, at a minimum, caused him to undergo sexual harassment or be vulnerable to it. *See

Davis*, 526 U.S. at 644–45; *Clifford v. Regents of Univ. of Cal.*, No. 2:11–CV–02935–JAM–

GGH, 2012 WL 1565702, at *5 (E.D. Cal. April 30, 2012). If, for example, plaintiff relies solely

on the conduct of university employees, plaintiff need plead facts sufficient to allege that an

official with "authority to institute corrective measures on the [university's] behalf" had "actual

notice of, and [was] deliberately indifferent to, the [employee's] misconduct." *Gebser v. Lago

Vista Indep. Sch. Dist.*, 524 U.S. 274, 277, 290 (1998); *see also Blue v. Dist. of Columbia*, 850 F.

Supp. 2d 16, 31 (D. D.C. 2012). Because plaintiff's allegations do not meet this standard, his

original complaint is insufficient to state a claim under Title IX.

Plaintiff's allegations also include embedded claims of defamation (slander and libel) and

First Amendment violation(s).[3] To the extent that plaintiff seeks relief for those allegations,

plaintiff need raise independent claims. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh Pa. v.*

---

[2] To the extent that plaintiff seeks relief for racial or sexual orientation discrimination, plaintiff should consider a claim under the Fourteenth Amendment Equal Protection Clause pursuant to 42 U.S.C. § 1983. "To establish a § 1983 equal protection violation, the plaintiff[] must show that the defendant[], acting under color of state law, discriminated against [him] as [a] member[] of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003) (citations omitted).

[3] Plaintiff's First Amendment claim includes: "Freedom of Speech; as protected by law under the First Amendment to the U.S. Constitution." Pl.'s Compl. 3, ECF No. 1. To properly assert this claim under 42 U.S.C. § 1983, plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See, e.g., OSU Student Alliance v. Ray*, 699 F.3d 1053 (9th Cir. 2012) (discussing plaintiff's pleading requirements under 42 U.S.C. § 1983 for a First Amendment claim).

3 – OPINION AND ORDER

*Starplex Corp.*, 220 Or. App. 560, 584 (2008) (listing the elements necessary for a claim of defamation).

Accordingly, because plaintiff's allegations are insufficient to demonstrate "plausibility," plaintiff's complaint is DISMISSED with leave to amend.

## CONCLUSION

For these reasons, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend. **Plaintiff is allowed 60 days from the date of this order to file an amended complaint curing the deficiencies identified above, including footnotes 2 & 3.**[4]

IT IS SO ORDERED.

DATED this 19th day of September, 2014.

_____s/ Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**

---

[4] Plaintiff indicated that he is currently in Taiwan and will not return until January 1, 2015. **If plaintiff needs additional time to file an amended complaint, this Court will consider, upon motion, a request for additional time.**

4 – OPINION AND ORDER